** Summary **
ADMINISTRATION OF PERMANENT EMPLOYMENT POSITIONS OF STATE SENATE The President Pro Tempore has authority under 74 O.S. 292 [74-292] (1972), to specify the titles and emoluments pertaining to permanent employment positions of the State Senate provided he adheres to the number of positions and salary ranges designated therein. The Attorney General has considered your request for an opinion wherein you raise the following question: "Does the Pro Tempore, during his normal course of administration, have the authority to further specify the titles and emoluments of permanent employees of the Senate provided he stays within the number of employees and the salary range specified in the Senate Bill which provides for the employment of the personnel so affected?" Senate Bill No. 626, Second Session, 1972, which designates the positions and salary ranges of permanent Senate employees has been enacted into law as 74 O.S. 292 [74-292] (1972). This enactment expressly repeals 74 O.S. 292 [74-292] (1971), cited in Attorney General Opinion No. 71-250, and provides in pertinent part as follows: "Positions created for service only during regular or special sessions and for a period beginning sixty (60) days prior to the commencement of a Session and for a period of sixty (60) days after the adjournment of any Session of the Legislature shall be considered temporary employment positions and those positions created and authorized for service during both regular or special Sessions and the interim periods of time when the Legislature is not in such Sessions shall be considered permanent employment positions and persons occupying such permanent employment positions shall serve until their successors are appointed and qualified. The positions of permanent employment within the Senate and the salaries attached thereto shall be prescribed by the President Pro Tempore of the State Senate in such number and at such emolument not exceeding or less than that below designated: Position Number Rate of Pay per Month Minimum Maximum Administrator 1 $850.00 $1,200.00 Chief Clerk 1 610.00 800.00 Journal Clerk 1 575.00 775.00 Administrative and Research Assistants 11 300.00 1,100.00 ." (Emphasis added) Article V, Section 49 of the Oklahoma Constitution provides: "The Legislature shall not increase the number or emolument of its employees, or the employees of either house, except by general law, which shall not take effect during the term at which such increase is made." Also pertinent to this opinion is Article V, Section 36 of the Oklahoma Constitution which provides: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." It is well settled that the power of the Oklahoma Legislature to enact a general law may be presumed in the absence of prohibitive constitutional language. Wentz v. Thomas, 159 Okl. 124,15 P.2d 65 (1932). Historically, the Oklahoma Legislature has delegated to the President Pro Tempore of the Senate the authority to prescribe positions of permanent employment and the salary attached thereto within general guidelines prescribed by statute. The enactment of 74 O.S. 292 [74-292] (1972) continues this precedent established by the Legislature. The plain wording of the statute clearly does not violate the provisions of Article V, Section 49 and is within the guidelines established by Article V, Section 36 of the Oklahoma Constitution. When the wording of a statute is plain, clear and unambiguous, there is no room for construction and the evident meaning should then be accepted. McVicker v. Board of Commissioners of Caddo County, Oklahoma, Okl., 442 P.2d 297. Shaw v. Grumbine,137 Okl. 95, 278 P. 311 (1929). The language of 74 O.S. 292 [74-292] authorizes the President Pro Tempore of the Senate to prescribe positions of permanent employment within the Senate and the salaries attached thereto. A limitation on the scope of discretion and the exercise of this authority is clear where the statute provides that the positions shall be prescribed only in such a number and in such emolument as falls within certain designated ranges. The only remaining question would be whether 74 O.S. 292 [74-292] (1972), constitutes an improper delegation of legislative authority. The law is clear in Oklahoma that such powers as are necessary to implement the policies established by the Legislature may be delegated to an implementing authority. State ex rel Hart v. Parh, am, Okl., 412 P.2d 142. Since the positions prescribed by the President Pro Tempore must be "in such number and such emolument" as falls within the range expressly set by the Legislature, there is no unlawful delegation of authority but rather an example of proper delegation of legislative authority to the President Pro Tempore in order to implement the policies outlined. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The President Pro Tempore has the authority under 74 O.S. 292 [74-292] (1972), to specify the titles and emoluments pertaining to permanent employment positions of the State Senate provided he adheres to the number of positions and salary ranges designated therein. (Robert H. Mitchell)